[No. 10,591.—In Bank.]

## PEOPLE *v.* AH LOY.

INSTRUCTION—IMMATERIAL ERROR.—It is no ground for reversing a judgment of conviction, that a portion of an instruction was without meaning.

APPEAL from a judgment of conviction, in the Superior Court of the City and County of San Francisco. FREELON, J.

*L. J. Mowry,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

MORRISON, C. J.:

This case comes before us on the judgment roll alone, and the only grounds of alleged error are to the charge of the Court to the jury.

The prosecution was by information, and the charge was an assault with intent to kill and murder. The Court charged the jury that in order to find the defendant guilty, as charged in the information, they must find that if death had ensued from the wound inflicted the offense would have been murder in either the first or second degree. This was a correct statement of the law applicable to the case. The remainder of the charge, which, it is claimed, was erroneous, was the definition given by the learned judge of the term "reasonable doubt." "Reasonable doubt," said the Court, "does not mean a mere doubt: it means a doubt which is founded in reason, and which grows out of the reasoning of intelligent minds *upon the doubt.*" It is claimed that the definition is without meaning, and therefore the judgment should be reversed.

If we were to concede the correctness of the statement, that the definition has no meaning at all, and is wholly unintelligible, it would not follow, as a legal consequence, that the judgment should be reversed. If the jury did not understand the definition—if it conveyed to their minds no just and intelligible conception of what the law means by the term "reasonable doubt"— it can hardly be concluded that the alleged absence of meaning in the instruction affected the defendant prejudicially in a *substantial right,* and that therefore the case calls for a reversal. Other parts of the charge were correct. The jury were told

that they must be convinced to a *moral certainty* that the shot was fired by the defendant; that demonstration was not required, but that a moral conviction was absolutely necessary. The Court also brought to the attention of the jury the distinction which exists between civil and criminal cases, telling them that a preponderance of evidence was sufficient in a civil case, but that in a criminal case something more was required, and that in such a case the fact of defendant's guilt must be established beyond a reasonable doubt. If the defendant wanted a more satisfactory definition of the term "reasonable doubt," he should have asked for it; and if asked to do so, the Court would doubtless have given Chief Justice Shaw's definition of the term in the Webster case.

We find no error in the charge which could have affected any substantial right of the defendant, and the judgment is therefore affirmed.

MYRICK, J., SHARPSTEIN, J., ROSS, J., and MCKINSTRY, J., concurred.